## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:11CR83 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BRIAN TROTTER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion of Jeffrey L. Thomas and the Office of the Federal Public Defender to withdraw as counsel for the defendant, Brian Trotter (Trotter) (Filing No. 33). The court held a hearing on the motion on July 19, 2011. Trotter was present along with Mr. Thomas. The United States was represented by Assistant U.S. Attorney Nancy A. Svoboda. Following an in camera discussion with Mr. Thomas and Trotter, the court determined the motion should be granted as the attorney client relationship had been irretrievably broken. Mr. Thomas and the Office of the Federal Public Defender's motion to withdraw (Filing No. 33) is granted and substitute counsel will be appointed.

The court finds Trotter remains eligible for appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. §3006A, and the Amended Criminal Justice Act Plan for the District of Nebraska. Clarence E. Mock, III, P.O. Box 62, Oakland, NE 68045-0062, (402) 685-5647, is appointed to represent Trotter for the balance of these proceedings pursuant to the Criminal Justice Act. The clerk shall provide a copy of this order to Mr. Mock and Mr. Mock shall file his appearance in this matter forthwith.

Mr. Thomas shall forthwith provide Mr. Mock with the discovery materials provided the defendant by the government and such other materials obtained by Mr. Thomas which are material to Trotter's defense.

In order to provide new counsel adequate time to prepare for trial, trial of this matter is rescheduled before Chief Judge Joseph F. Bataillon and a jury commencing on August 29, 2011. During the hearing on July 19, 2011, Trotter requested such additional time and

acknowledged the time provided would be excluded from the computations under the Speedy Trial Act. The additional **time** arising as a result of the granting of the request, i.e., the time between **July 19, 2011, and August 29, 2011,** shall be deemed **excludable** time in any computation of time under the requirement of the Speedy Trial Act for the reason that counsel require additional time to adequately prepare the case. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B).

**IT IS SO ORDERED.**

DATED this 19th day of July, 2011.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge